Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | Joan B. Gottschall |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6433 | **DATE** | 9/27/2012 |
| **CASE TITLE** | Babin et al v. Retail Properties of America, Inc et al | | |

**DOCKET ENTRY TEXT**

Defendants' motion to reassign related cases [21] is granted, as is defendants' motion for leave to file a reply [35]. *Babin v. Retail Properties of America, Inc.*, Case No. 12-cv-6433, and *Schnierson v. Retail Properties of America, Inc.*, Case No. 12-cv-6743, are hereby reassigned to this court and deemed to be related to *Sadler v. Retail Properties of America, Inc.*, Case No. 12-cv-5882. A status hearing in all three cases is set for 10/9/2012 at 9:30 a.m.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

The defendants in the instant case have moved to reassign two later-filed cases to this court. The plaintiff here filed a putative class action complaint alleging that the defendants, Retail Properties of America ("Retail Properties"), as well as various individual officers and board members, breached their fiduciary duty to the plaintiff and unjustly enriched themselves. Most of the allegations relate to a certain ill-fated 2012 stock offering that allegedly harmed shareholders who owned shares in Retail Properties' precursor company, Inland Western Retail Real Estate Trust, Inc., prior to 2012. Sadler claims that the defendants undertook acts which significantly depreciated the value of the shares.

In *Schierson v. Retail Properties of America*, the plaintiffs bring claims that are very similar to Sadler's, alleging breach of fiduciary duty, unjust enrichment, and aiding and abetting the breach of fiduciary duty. The plaintiff in that case agrees that *Schierson* should be deemed related to *Sadler*, and so the court will treat those cases as related pursuant to Local Rule 40.4 as *Schierson* satisfies all of the conditions for reassignment under Local Rule 40.4(b).

By contrast, the plaintiffs in *Babin v. Retail Properties of America* allege that they were also injured by Retail Properties and various individual officers and board members, but they argue that they were preexisting shareholders who purchased additional stock at an artificially inflated price pursuant to a Direct Reinvestment Program ("DRP"). They, too, bring claims for breach of fiduciary duty and unjust enrichment; in addition, they seek a corporate trust. These plaintiffs object to the motion for reassignment, however, arguing that the theories of *Babin* and *Sadler* are at odds because *Babin* rests on a theory that shares were sold at an inflated price, whereas *Sadler* rests on a theory that shares were sold at a diminished price. These plaintiffs argue that the proof offered for each case at trial "may" potentially conflict, and because the cases must be susceptible to disposition in a single proceeding to qualify for reassignment under Local Rule 40.4(b), the *Babin* plaintiffs argue that their case should not be reassigned to this court.

## STATEMENT

The court disagrees. Local Rule 40.4(b) requires that (1) the cases both be pending in this court, (2) assigning a single judge to both cases will likely result in a "substantial saving of judicial time and effort," (3) the earlier case has not progressed to the stage that reassignment of the later-filed case would delay the proceedings, and (4) the cases be susceptible to disposition in a single proceeding. All of this is true here. In particular, there can be no serious debate that reassignment of the *Babin* case will significantly decrease judicial time and effort. Although the theories of each case may be slightly different, the overlap in the facts, relevant law, and discovery indicate that reassignment would be the most efficient use of court resources. As to whether the cases will be susceptible to disposition in a single proceeding, the court cannot be absolutely certain that some sort of joint trial will be appropriate down the road. But the court does not have to be certain at this stage—indeed, susceptibility by definition relates to a finding of potential or likelihood. Even the *Babin* plaintiffs cannot say that a joint trial will not be feasible, and as the defendants point out, disposition in advance of trial—such as by common defenses set out at summary judgment—may be possible. The court finds that the *Babin* case satisfies the requirements set out in Local Rule 40.4, and orders the case to be reassigned to this court and deemed related to the *Sadler* action.